Dale M. Cendali
Joshua L. Simmons
Emma Raviv
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
emma.raviv@kirkland.com

*Attorneys for Defendants 2K Games, Inc.
and Take-Two Interactive Software, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOLID OAK SKETCHES, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>VISUAL CONCEPTS, INC.; 2K GAMES, INC.; TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>    Defendants. | CASE NO. 1:16-cv-724(LTS)(RLE)<br><br>ECF Case |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................................... 2

    I.    TAKE-TWO AND THE *NBA 2K* VIDEO GAME SERIES ................................... 2

    II.   SOLID OAK AND THE TATTOOS .................................................................... 3

ARGUMENT ..................................................................................................................................... 4

    I.    THE STANDARD FOR A MOTION TO DISMISS ............................................. 4

    II.   SOLID OAK IS NOT ENTITLED TO STATUTORY DAMAGES OR
         ATTORNEYS' FEES AS A MATTER OF LAW .................................................... 5

CONCLUSION .................................................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Argentto Sys., Inc. v. Subin Assocs., LLP*,
  No. 10 Civ. 8174, 2011 WL 2534896 (S.D.N.Y. June 24, 2011) .................................. 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................... 4

*B2B CFO Partners, LLC v. Kaufman*,
  787 F. Supp. 2d 1002 (D. Ariz. 2011) ......................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... 4

*Budget Cinema, Inc. v. Watertower Assocs.*,
  81 F.3d 729 (7th Cir. 1996) .......................................................................................... 6

*Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc.*,
  887 F.2d 399 (2d Cir. 1989) ......................................................................................... 5

*Cognotec Servs. Ltd. v. Morgan Guar. Trust Co. of New York*,
  862 F. Supp. 45 (S.D.N.Y. 1994) ................................................................................. 4

*Dyer v. Napier,*
  No. 04 Civ. 0408, 2006 WL 680551 (D. Ariz. March 16, 2006) ................................. 6

*Ez-Tixz, Inc. v. Hit-Tix, Inc.*,
  919 F. Supp. 728 (S.D.N.Y. 1996) ............................................................................... 4

*Getaped.com, Inc. v. Cangemi,*
  No. 00 Civ. 7661, 2001 WL 1606732, (S.D.N.Y. Dec. 12, 2001) ............................... 6

*Gloster v. Relios, Inc.,*
  No. 02 Civ. 7140, 2006 WL 1804572 (E.D. Pa. June 28, 2006) .................................. 6

*Healix Infusion Therapy, Inc. v. HHI Infusion Servs, Inc.,*
  No. 10 Civ. 3772, 2011 WL 291063 (N.D. Ill. Jan. 27, 2011) ..................................... 6

*Irwin v. ZDF Enters. GmbH,*
  No. 04 Civ. 8027, 2006 WL 374960 (S.D.N.Y. Feb. 16, 2006) ............................... 5, 7

*Knitwaves, Inc. v. Lollytogs Ltd.*,
  71 F.3d 996 (2d Cir. 1995) ........................................................................................... 5

*New Name, Inc. v. The Walt Disney Co.,*
  No. 07 Civ. 5034, 2008 WL 5587487 (C.D. Cal. July 23, 2008) ................................. 7

*Sartor v. Walters,*
 No. 06 Civ. 0011, 2006 WL 3497856 (W.D. La. Dec. 5, 2006) .................................................. 6

*Secunda v. Time Warner Cable of New York City,*
 No. 95 Civ. 0671, 1995 WL 675464 (S.D.N.Y. Nov. 14, 1995) ............................................. 4, 7

*Shady Records, Inc. v. Source Enters., Inc.,*
 No. 03 Civ. 9944, 2005 WL 14920 (S.D.N.Y. Jan. 3, 2005) .................................................. 5, 6

*Steele v. Bell*,
 No. 11 Civ. 9343, 2014 WL 1979227 (S.D.N.Y. Mar. 28, 2014) ............................................... 6

*United States v. Akinrosotu*,
 637 F.3d 165 (2d Cir. 2011) ........................................................................................................ 3

*Ushodaya Enters., Ltd. v. V.R.S. Int'l, Inc.,*
 64 F. Supp. 2d 352 (S.D.N.Y. 1999) .......................................................................................... 5

**Statutes**

17 U.S.C. § 412 .............................................................................................................................. 1, 2, 5

17 U.S.C. § 504 .................................................................................................................................... 1

Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively "Take-Two") move to dismiss certain damages claims filed by Plaintiff Solid Oak Sketches, LLC ("Solid Oak") for failure to state a claim upon which relief can be granted.

**PRELIMINARY STATEMENT**

Take-Two is filing this motion to narrow one of the issues in this case, namely to dismiss Solid Oak's claims for statutory damages and attorneys' fees, which are unavailing as a matter of law.

In its Amended Complaint, Solid Oak claims to be the exclusive licensee of six tattoos that were inked on NBA basketball players LeBron James, Kenyon Martin, and Eric Bledsoe (the "Tattoos").[1] Solid Oak also asserts that Take-Two's NBA videogame, *NBA 2K16*, infringes these copyrights by rendering Mr. James, Mr. Martin, and Mr. Bledsoe, along with other NBA basketball players, as they appear in real life (including with their tattoos), playing basketball for their respective teams. Indeed, Solid Oak freely admits that Take-Two has been depicting Mr. James, Mr. Martin, and Mr. Bledsoe in its *NBA 2K* videogame series since at least 2013. Compl. Ex. B. As one of the articles referenced in Solid Oak's own Amended Complaint admits, *NBA 2K16* is noted for its "production values and polish." Compl. ¶ 16 n.6.

Solid Oak's liability claims are meritless and will be addressed at a later stage of this litigation. This motion is directed to part of Solid Oak's damages claim. Solid Oak claims that it is entitled to "the maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) in the amount of $150,000 per infringement," as well as attorneys' fees. Compl. ¶ 45. These claims for damages, however, are precluded by 17 U.S.C. § 412. As is clear from the face of the Amended

---

[1] Solid Oak allegedly acquired rights from three tattoo artists to "330 and Flames Tattoo Artwork," "Lion's Head Tattoo Artwork," "Script with a scroll, clouds, and doves," "Child Portrait Tattoo Artwork," "Basketball with Stars and Script," and "Wizard." Amended Complaint (Dkt. No. 26) ("Compl.") ¶¶ 33–38, Exs. C, G, I.

Complaint and its attachments, Take-Two has depicted Mr. James, Mr. Martin, and Mr. Bledsoe—and their Tattoos—in its NBA videogames since at least 2013. This is years prior to the registration of the Tattoos with the U.S. Copyright Office in June and July 2015. Yet, under the Copyright Act, to receive statutory damages and attorneys' fees, the works must be registered within three months of publication, or before infringement commences. 17 U.S.C. § 412. Here, where the same work has allegedly been infringed by the same defendant in the same manner since 2013—long before registration—binding Second Circuit precedent dictates that statutory damages and attorneys' fees are unavailable. Solid Oak's registrations therefore came too late, and as a result, this Court should dismiss Solid Oak's damages requests at the pleadings stage and narrow the scope of this case.

## FACTUAL BACKGROUND

### I. TAKE-TWO AND THE *NBA 2K* VIDEO GAME SERIES

Take-Two develops, publishes, and distributes numerous widely successful video games. Such games include the popular sports series *NBA 2K* and *WWE 2K*. The *NBA 2K* series is released annually. Compl. ¶ 11.[2] In each release, Take-Two endeavors to create an authentic recreation of the sport of basketball. *Id.* ¶ 12 n.2. In doing so, Take-Two renders each team and its individual players in virtual form as they appear in real life, and allows game players to pit NBA teams against each other, create their own teams composed of real-life players, and create new custom players. *Id.* ¶ 15 n.5. As Solid Oak admits, the NBA players who bear the Tattoos at issue in this case—LeBron James, Eric Bledsoe, and Kenyon Martin—have been part of the game (together with their tattoos) at least since Take-Two released *NBA 2K14* on October 1,

---

[2] Solely for the purposes of this motion, Take-Two does not dispute facts alleged in the Complaint.

2013. *Id.* Exs. A, B; *see also* NBA 2K14, htttps://www.2k.com/games/nba-2k14; NBA 2K15.[3] While Take-Two depicts the basketball players accurately, however, each of these players' tattoos—like those of all the other NBA players in the *NBA 2K* titles—is visible only fleetingly during gameplay.

On September 29, 2015, Take-Two released *NBA 2K16*, the most recent iteration of the *NBA 2K* series, to great success. Compl. ¶¶ 11–12.

## II. SOLID OAK AND THE TATTOOS

In its Amended Complaint, Solid Oak alleges that on July 8, 2015, Michael A. Kahn of Capes Sokol Goodman Sarachan P.C. sent Take-Two a letter alleging that he represented "a group of tattoo artists" who owned the copyrights in several NBA players' tattoos depicted in a number of *NBA 2K* titles, and that Take-Two's use of the tattoos in its games constituted "ongoing acts of copyright infringement." Compl. Ex. A.

On February 1, 2016, the Complaint was filed against Take-Two. It was not tattoo artists who ultimately filed the Complaint, however, but rather Solid Oak. *See* Compl. ¶¶ 33–38. Solid Oak alleges that it has entered into exclusive license agreements with the tattoo artists, and therefore that the Tattoos are the copyrighted intellectual property of Solid Oak. *Id.*

Solid Oak attached certificates of registration for the Tattoos to the Amended Complaint. *Id.* Exs. D, E, F, H, J, K. None of the Tattoos was registered before June 8, 2015. *Id.* Solid Oak admits that three of the Tattoos were registered on June 8, 2015: "330 and Flames Tattoo Artwork" (published July 15, 2002), "Lion's Head Tattoo Artwork" (published March 15, 2000), and "Child Portrait Tattoo Artwork" (published May 1, 2006). *Id.* Exs. D, E, H. Solid Oak also admits that the other three Tattoos were registered on July 24, 2015: "Script with a scroll, clouds,

---

[3] The Court may take judicial notice of the dates on which Take-Two's games were released. *See United States v. Akinrosotu*, 637 F.3d 165, 168 (2d Cir. 2011) (taking judicial notice of the Bureau of Prisons' website for the purpose of obtaining the defendant's projected release date).

- 3 -

and doves" (published December 15, 2001), "Basketball with Stars and Script" (published April 1, 2005), and "Wizard" (published September 1, 1998). *Id.* Exs. F, J, K.

Pursuant to Your Honor's Individual Rule (A)(2)(b)(i), Take-Two contacted Solid Oak and explained that there were various deficiencies in its Complaint, including Solid Oak's identification of an incorrect entity and its ineligibility for statutory damages and attorneys' fees. Solid Oak responded by amending its Complaint to address the erroneously-named party, but it did not (and stated that it would not) change its Complaint in any other respect. Therefore, Take-Two has no choice but to bring this motion.

## ARGUMENT

### I. THE STANDARD FOR A MOTION TO DISMISS

To survive a motion to dismiss pursuant to Rule 12(b)(6), the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Courts in this District routinely grant motions to dismiss claims for statutory damages and attorneys' fees where registration of the work occurred after infringement commenced. *See, e.g.*, *Argentto Sys., Inc. v. Subin Assocs., LLP*, No. 10 Civ. 8174, 2011 WL 2534896, at *3 (S.D.N.Y. June 24, 2011) (granting motion to dismiss and strike claim for statutory damages where infringement began before registration and was merely ongoing after registration); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (same); *Secunda v. Time Warner Cable of New York City,* No. 95 Civ. 0671, 1995 WL 675464, at *2 (S.D.N.Y. Nov. 14, 1995) (granting motion to dismiss plaintiff's claim for statutory damages and attorneys' fees because alleged infringing conduct occurred prior to date of registration); *see also Cognotec Servs. Ltd. v. Morgan Guar. Trust Co. of New York*, 862 F. Supp. 45, 52 (S.D.N.Y. 1994)

- 4 -

(granting defendant's motion to strike plaintiff's request for statutory damages and attorneys' fees because plaintiff had alleged that infringement occurred prior to date of copyright registration).

## II. SOLID OAK IS NOT ENTITLED TO STATUTORY DAMAGES OR ATTORNEYS' FEES AS A MATTER OF LAW

Solid Oak's claims for statutory damages and attorneys' fees should be dismissed because Take-Two's alleged infringement began before the works at issue were registered. The Copyright Act forecloses the "award of statutory damages or of attorney's fees" for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.

The Second Circuit regularly upholds this blackletter principle. *See Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1012 (2d Cir. 1995) (denying attorneys' fees for copyright infringement claim where registration occurred after infringing activities; noting that 17 U.S.C. § 412 would also preclude statutory damages).[4] Where a plaintiff alleges an infringement that is part of a series of allegedly infringing acts, "the infringement 'commences' for purposes of determining eligibility for statutory damages and attorney's fees and costs when the first act of infringement in a series of on-going discrete infringements occurs." *Shady Records, Inc. v. Source Enters., Inc.,* No. 03 Civ. 9944, 2005 WL 14920, at *21 (S.D.N.Y. Jan. 3, 2005) (concluding that a reposting of a work was "nothing more than the continuation of the series of acts"). In other words, infringement that is merely repeated after registration does not give rise to a claim for statutory damages and attorneys' fees, so long as infringement of the same works

---

[4] *See also Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc.*, 887 F.2d 399, 404 (2d Cir. 1989) (precluding award of statutory damages where infringed work was not registered until after the infringement occurred); *Irwin v. ZDF Enters. GmbH*, No. 04 Civ. 8027, 2006 WL 374960, at *6 (S.D.N.Y. Feb. 16, 2006) (precluding statutory damages and attorneys' fees where new television program was a continuation of infringement that began before registration of the work); *Ushodaya Enters., Ltd. v. V.R.S. Int'l, Inc.*, 64 F. Supp. 2d 352, 353 (S.D.N.Y. 1999) (denying application for statutory damages where infringement commenced before registration).

*began before* registration. *Steele v. Bell*, No. 11 Civ. 9343, 2014 WL 1979227, at *6 (S.D.N.Y. Mar. 28, 2014) (holding that post-infringement re-posting of infringing material online is not a new, separate act of infringement, but rather a repeat of pre-registration infringement, and therefore statutory damages were unavailable); *Getaped.com, Inc. v. Cangemi*, No. 00 Civ. 7661, 2001 WL 1606732, at *3 (S.D.N.Y. Dec. 12, 2001), *report and recommendation adopted as modified*, 188 F. Supp. 2d 398 (S.D.N.Y. 2002) (infringement of unpublished source code that began pre-registration precluded statutory damages).

Therefore, it is clear that only acts of infringement involving a different work or a different kind of use may give rise to statutory damages and attorneys' fees, because the Second Circuit has held that statutory damages and attorneys' fees are unavailable for "all of the defendant's infringements of a work if one of those infringements commenced prior to registration." *Shady Records,* 2005 WL 14920, at *21; *Steele*, 2014 WL 1979227, at *6; *see also B2B CFO Partners, LLC v. Kaufman*, 787 F. Supp. 2d 1002, 1012 (D. Ariz. 2011) (holding statutory damages and attorneys' fees were unavailable because the infringement at issue was "the same person" allegedly copying "the same copyrighted work" doing "the same kind of alleged copying" as had occurred before registration of the work).[5]

---

[5] This standard is applied consistently across the Circuits. *See Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996) (holding plaintiff "was not entitled to statutory damages or attorney's fees because the alleged infringement commenced before the effective date of [plaintiff's] copyright registration . . . [and plaintiff's] registration certificate is also beyond three months from the date of the alleged first publication"); *Healix Infusion Therapy, Inc. v. HHI Infusion Servs, Inc.*, No. 10 Civ. 3772, 2011 WL 291063, at *2-3 (N.D. Ill. Jan. 27, 2011) (dismissing "Plaintiff's claims for statutory damages and attorneys' fees" because "infringement occurred after the copyrighted work was first published, but before it was registered," which was more than three months after its first publication); *B2B CFO Partners*, 787 F. Supp. 2d at 1012; *Dyer v. Napier*, No. 04 Civ. 0408, 2006 WL 680551, at *4 (D. Ariz. March 16, 2006) (holding that post-registration customizing of an allegedly infringing sculpture by changing its size, surface texture, and by adding different sized pedestals did not commence a new infringement under § 412); *Sartor v. Walters*, No. 06 Civ. 0011, 2006 WL 3497856, at *4 (W.D. La. Dec. 5, 2006) (holding that post-registration publication of new issues of a magazine using the same allegedly infringing layout did not commence a new and separate infringement under § 412); *Gloster v. Relios, Inc.*, No. 02 Civ. 7140, 2006 WL 1804572, at *4 (E.D. Pa. June 28, 2006) (holding that creating and selling new jewelry designs after plaintiff's copyright registration did not commence a new infringement when "the allegedly infringing part of the jewelry [was] unchanged in the

*Irwin v. ZDF Enterprises GmbH*, is instructive on this point. 2006 WL 374960. In that case, the plaintiff had composed an orchestral composition that the defendants allegedly had used without authorization in a historical television program. One program was released before the musical composition was registered; a second "newly configured version of the program" with a different title was released after registration. *Id.* at *2. The court held that statutory damages and attorneys' fees were unavailable even though the post-registration infringement was a different, "new program," because it was part of "a series of ongoing discrete infringements." *Id.* at *6.

Here, there is no question that the alleged infringement commenced before the effective dates of the Tattoos' registration. Releases of the *NBA 2K* series rendering the Tattoos began as early as 2013. Compl. Ex. B, at 2. In fact, Solid Oak admitted as much in its letter to Take-Two, which it incorporated into its Amended Complaint, where Solid Oak's counsel wrote, "All of the tattoos identified above are visible in [Take-Two's] NBA 2K14, NBA 2K15, and . . . NBA 2K16." *Id.* The effective dates of Solid Oak's registration certificates are not until two years later, June and July of 2015. *Id.* Exs. D, E, F, H, J, K. As Take-Two commenced use of the Tattoos prior to these effective dates, statutory damages and attorneys' fees are unavailable as a matter of law, and Solid Oak's damages claim should be dismissed. *Secunda,* 1995 WL 675464, at *2.

## **CONCLUSION**

For these reasons, Take-Two respectfully requests that this Court grant its motion to dismiss Solid Oak's claims for statutory damages and attorneys' fees. As Solid Oak cannot

---

subsequently created pieces of jewelry"); *New Name, Inc. v. The Walt Disney Co.*, No. 07 Civ. 5034, 2008 WL 5587487, at *4-5 (C.D. Cal. July 23, 2008) (granting summary judgment dismissing claim for statutory damages and attorneys' fees where second infringing t-shirt, developed post-registration, was just a continuation of a first t-shirt, developed pre-registration).

change these facts, it should not be permitted to amend its Amended Complaint a second time in an impossible attempt to save its prayer for relief and, thus, dismissal should be *with prejudice*.

Dated: New York, New York
April 19, 2016

/s/ Dale M. Cendali

Dale M. Cendali
Joshua L. Simmons
Emma Raviv
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
emma.raviv@kirkland.com

Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.