Darren A. Heitner
HEITNER LEGAL, P.L.L.C.
1736 NE 7th  Street
Fort Lauderdale, FL 33304
Telephone: (954) 558-6999
Facsimile: (954) 927-3333
Darren@HeitnerLegal.com
Alan@HeitnerLegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOLID OAK SKETCHES, LLC, | CASE NO. 1:16-cv-724(LTS)(RLE) |
| Plaintiff, | ECF Case |
| v. | |
| VISUAL CONCEPTS, INC.; 2K GAMES, INC.; TAKE-TWO INTERACTIVE SOFTWARE, INC., | |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**Page(s)**

I.   OVERVIEW…………………………………………………………............5

II.  ARGUMENT………………………………………………………………..5

    a.  Legal Standard…………………………………………………………..5

    b.  Plaintiff's Complaint Properly States a Claim for Entitlement to Statutory Damages and Attorneys' Fees …………………………………………………………..6

III. CONCLUSION………………………………………………………………….12

IV.  CERTIFICATE OF SERVICE…………………………………………………..13

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Bolt Elec. Inc. v. City of New York*,
   53 F.3d 465, 470 (2d Cir. 1995)…………………………………………………………6

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147, 152 (2d Cir. 2002) …………………………………………………………6

*Hayden v. County of Nassau*,
   180 F.3d 42, 54 (2d Cir. 1999) …………………………………………………………6

*Kassner v. 2nd Ave. Delicatessen Inc.*,
   496 F.3d 229, 237 (2d Cir. 2007) …………………………………………………………6

*Natural Res. Def. Council v. Johnson*,
   461 F.3d 164, 171 (2d Cir. 2006) …………………………………………………………6

*Petrella v. Metro–Goldwyn–Mayer, Inc.*,
   —— U.S. ——, 134 S.Ct. 1962, 1969–70, 188 L.Ed.2d 979 (2014) ………………………….7

*Psihoyos v. John Wiley & Sons, Inc.*,
   748 F.3d 120, 125 (2d Cir.2014) …………………………………………………………6

*Ranieri v. Adirondack Dev. Grp.*,
   No. 11-CV-1013, 2016 U.S. Dist. LEXIS 20884, at *78,
   2016 WL 796061 (N.D.N.Y. Feb. 22, 2016) …………………………………………………..6,7

*Rosenman Family, LLC v. Picard*,
   395 Fed.Appx. 766, 768 (2d Cir. 2010) …………………………………………………6

*Shady Records, Inc. v. Source Enters., Inc.*,
   No. 03 Civ. 9944, 2005 WL 14920, at *21 (S.D.N.Y. Jan. 3, 2005) ………………………6

*Stone v. Williams*,
   970 F.2d 1043, 1049–50 (2d Cir.1992)…………………………………………………….7

*Troll Co. v. Uneeda Doll Co.*,
   483 F.3d 150, 158-59 (2d Cir.2007) …………………………………………………..9

**Statutes**

17 U.S.C. § 412…………………………………………………………………………5,8,9

17 U.S.C. § 504…………………………………………………………………………5

17 U.S.C. § 507……………………………………………………………………...6,7

Plaintiff, Solid Oak Sketches, LLC ("SOS" or "Plaintiff"), by and through undersigned counsel, hereby files this Response in Opposition to Defendants', 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively "Take-Two" or "Defendants") Motion to Dismiss and Memorandum in Support of Motion to Dismiss for "failure to state a claim upon which relief can be granted" and in support thereof states as follows:

## I.  OVERVIEW

Plaintiff notes that the only purpose for Defendants' filing of their Motion to Dismiss is to "narrow one of the issues in this case." Specifically, the only issue for the Court to determine based on Defendants' Motion to Dismiss is whether Plaintiff has properly set forth a claim upon which it can receive relief in the form of statutory damages and/or attorneys' fees. All other forms of relief are not at issue by way of Defendants' filing of their Motion to Dismiss. While Defendants may take the position that Plaintiff's liability claims "are meritless," Defendants properly note that it is not a discussion ripe for the Court in making a determination on Defendant's Motion to Dismiss. Instead, Defendants seek the Court to focus on 17 U.S.C. § 412 as a mechanism that Defendants claim should preclude Plaintiff from receiving statutory damages and/or attorneys' fees. The entirety of Defendants' claims in their Motion to Dismiss are premised on a theory that because Defendants have infringed on Plaintiff's copyrights since at least 2013, prior to the registration of the at-issue copyrights with the U.S. Copyright Office, it should prevent Plaintiff from receiving statutory damages and/or attorneys' fees in this case. Defendants' allegation is that "Solid Oak's registrations therefore came too late," however, Defendants are mistaken in their position and this Court should not narrow the scope of this case pursuant to Defendants' request.

## II. ARGUMENT

### A. Legal Standard

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must take all facts alleged in the Amended Complaint as true and draw all reasonable inferences in favor of Plaintiff. *See Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); *Bolt Elec. Inc. v. City of New York*, 53 F.3d 465, 470 (2d Cir. 1995); *Rosenman Family, LLC v. Picard*, 395 Fed.Appx. 766, 768 (2d Cir. 2010) ("even if the allegations are doubtful in fact"); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A district court may only consider the facts alleged in the Amended Complaint, documents attached to the Amended Complaint as exhibits, and documents incorporated by reference in the Amended Complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

### B. Plaintiff's Complaint Properly States a Claim for Entitlement to Statutory Damages and Attorneys' Fees

A copyright infringement lawsuit must be filed "within three years after the claim accrued." 17 U.S.C. § 507(b). The Second Circuit now follows the "discovery rule," which means that "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Ranieri v. Adirondack Dev. Grp.,* No. 11-CV-1013, 2016 U.S. Dist. LEXIS 20884, at *78, 2016 WL 796061 (N.D.N.Y. Feb. 22, 2016) (quoting *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir.2014)).

In the instant case, Plaintiff's copyright infringement claims did not accrue until Plaintiff actually or constructively discovered the infringement alleged by way of Defendants' inclusion of the copyrights at issue in Defendants' *NBA 2K16* video game, first released on September 29, 2015. [D.E. 26, ¶ 11]. It is impossible that Plaintiff could have discovered the infringement on

that particular video game prior to its release, but for through promotion of the *NBA 2K16* video

game. This was not a mere "reposting" of a work, as was in the case of *Shady Records, Inc. v.*

*Source Enters., Inc.,* No. 03 Civ. 9944, 2005 WL 14920, at *21 (S.D.N.Y. Jan. 3, 2005), cited by

Defendants. Defendants created a new work in *NBA 2K16*, which was separate and apart from

*NBA 2K15* as well as all prior versions of the video game.

Even if Defendants could prove that promotion for the *NBA 2K16* video game was

promoted a year prior to its release, it would still not serve as a time-bar for Plaintiff to bring this

action and seek statutory damages as well as attorneys' fees based on the decision of the Court in

*Ranieri* and the adoption of the "discovery rule" by this district. Because Plaintiff has <u>only</u> sued

Defendants for the infringement of Plaintiff's copyrights in the *NBA 2K16* and not any prior

version of the game, it is therefore clear that Plaintiff filed its action well within three years after

the claim accrued under 17 U.S.C. § 507(b).

The Court in *Ranieri* further lays the groundwork for the validity of Plaintiff's claim by

way of its citation to the Supreme Court.

> It is widely recognized that the separate-accrual rule attends the copyright statute of limitations. Under that rule, **when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete "claim" that "accrue [s]" at the time the wrong occurs. In short, each infringing act starts a new limitations period.**
>
> Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work. Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), but untimely with respect to prior acts of the same or similar kind.

*Petrella v. Metro–Goldwyn–Mayer, Inc.*, ⸺ U.S. ⸺, 134 S.Ct. 1962, 1969–70, 188 L.Ed.2d

979 (2014) (emphasis added); *see also Stone v. Williams*, 970 F.2d 1043, 1049–50 (2d

Cir.1992) (holding that "[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief .... Recovery is allowed only for those acts occurring within three years of suit, and is disallowed for earlier infringing acts").

While Plaintiff recognizes that Defendants are not expressly challenging Plaintiff's right to bring forth its claim of copyright infringement under a statute of limitations doctrine, it is important to point out the language in the cited cases, as they make it clear that each wrong gives rise to a discrete claim that accrues at the time the wrong occurs. Thus, the wrong of Defendants in *NBA 2K16* was discrete from separate wrongs and accrued when the *NBA 2K16* video game was released.

Plaintiff's Amended Complaint [D.E. 26] is very clear to indicate that Plaintiff is only seeking relief for Defendants' infringement of copyrights in the *NBA 2K16* video game, which was released on September 29, 2015, and not for any infringement of copyrights related to prior versions of the game that were released years prior. Plaintiff established, and Defendants do not dispute, that Plaintiff received copyright registration from the U.S. Copyright Office, prior to Defendants' release of the *NBA 2K16* video game. The Second Circuit and the Supreme Court have each found that each infringement creates a new wrong, which creates a <u>discrete</u> claim that accrues when the wrong occurs. Because Plaintiff is only suing for the wrong of the Defendants through their creation and release of the *NBA 2K16* video game, well within the time afforded under the Copyright Act, and not for any earlier infringing acts, it is thus entirely proper for Plaintiff to seek statutory damages and/or attorneys' fees based on Defendants' infringement of properly registered copyrights.

Defendants' specific claim is that under 17 U.S.C. § 412, Plaintiff cannot receive an award of statutory damages or attorneys' fees for infringement of copyright that commenced after

first publication of the work and before the effective date of the copyright registrations. However, Defendants' possible infringement for the *NBA 2K15* video game is a separate wrong from its infringement in the *NBA 2K16* video game, which gives rise to a discrete claim. Plaintiff possessed the registration prior to the *NBA 2K16* video game; it is the only infringement complained of in Plaintiff's case. The *NBA 2K16* video game is a separate work from all prior versions of the video game series, and the Court should deem there to be no bar against Plaintiff seeking statutory damages and attorneys' fees from Defendants for their wrongs as they relate specifically to the *NBA 2K16* video game. It is undisputed that the alleged infringing act in this case began with the *NBA 2K16* video game and that Plaintiff is only seeking relief related to Defendants' wrongs related to same (and not related to any separate infringement emanating from prior versions of the game). Therefore, Plaintiff registered its copyrights prior to when the alleged infringement began.

The Court must also distinguish the infringement related to *NBA 2K16* from any prior infringement, as it was overtly willful infringement by the Defendants (after being put on notice by Plaintiff of its claim of infringement and Defendants' unwillingness to cease use). Ostensibly, Defendants had not willfully infringed on any copyrights owned by Plaintiff or otherwise prior to the *NBA 2K16* video game, as it was in between the release of the *NBA 2K15* video game and *NBA 2K16* video game that Plaintiff, through separate legal counsel, made Defendants aware of its claims and sought to amicably resolve all issues without judicial intervention.

"The legislative history of section 104A suggests that Congress understood section 412 to mean that a post-registration act of infringement will not be deemed to have commenced before registration if the infringing activity ceased for an appreciable period of time." *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158-59 (2d Cir.2007). In this case, Plaintiff first became aware of

the infringement with the *NBA 2K15* video game and indicated a concern to Defendants, related to infringement, starting on or about July 8, 2015. [D.E. 26, Ex. "A"]. No video games in the *NBA 2K* series were created between the *NBA 2K15* video game and the *NBA 2K16* video game, of which the instant case concerns. Thus, the claim of "continuation" to bar statutory and/or attorneys' fees is inapplicable, as Plaintiff's claim arose based on only one prior instance of alleged infringement – that in the *NBA 2K15* video game. Furthermore, a full year passed between the dissemination of the *NBA 2K15* video game and the *NBA 2K16* video game, with no newly created infringing activity occurring in the time between. Defendants admit that they publish a new *NBA 2K* video game on a yearly basis. The gap between the creation and dissemination of the *NBA 2K15* and *NBA 2K16* video games should not serve as a detriment to Plaintiff. If that were the case, then plausible defendants in other cases could seemingly stall the release of newly created infringing materials until a requisite amount of time passed between the receipt of copyright registration and newly created material. The Copyright Act's purpose is certainly not intended to allow defendants to escape liability by such means.

Additionally, Defendants' admission that they create a new *NBA 2K* game on a yearly basis goes directly against their separate admission that "it is clear that only acts of infringement involving a different work or a different kind of use may give rise to statutory damages and attorneys' fees," as each version of the *NBA 2K* video game is a different work and thus Plaintiff's claim for statutory fees and/or attorneys' fees based on the infringement strictly related to the *NBA 2K16* video game should survive Defendants' attack. *NBA 2K16* is not merely the same exact video game as *NBA 2K15* with a new title, which differentiates the instant case from that of *Irwin v. ZDF Enterprises GmbH* cited by Defendants.[1]

---

[1] *See* https://www.youtube.com/watch?v=uVAyH_zajos (a YouTube video comparing *NBA 2K16* to *NBA 2K15*, highlighting the major graphical improvements, which adds realism to the copyrights at issue in this case);



*The images above depict recently retired NBA player Kobe Bryant in different versions of the NBA 2K line of video games, thereby demonstrating how these are separate, new creations with*

http://heavy.com/games/2015/08/nba-2k16-classic-teams-pro-am-mode-soundtrack-pre-order/ ("Each and every year, NBA 2K fans are forced to ask themselves this very question – "How much better can next year's version be?" As it turns out, Visual Concepts finds a way to improve upon its NBA simulation's perfect foundation with ease. NBA 2K16 will not only refine past features and polish the already excellent visuals, but it will also debut a brand new mode that longtime fans should adore.")

*each annual production of the NBA 2K video game.*

Finally, Defendants claim that the "continuation" began with *NBA 2K14*. Thus, Defendants base their claim that statutory damages and attorneys' fees should be barred from recovery due to a total of <u>two</u> games being created and disseminated prior to Plaintiff's receipt of copyright registrations, which does not comport with the case law Defendants cite in an effort to bolster their position – all of which are related to ongoing, true continuous infringements over a much longer period of time.

## CONCLUSION

Based upon the foregoing, Plaintiff, SOLID OAK SKETCHES, LLC, properly stated the facts necessary in its Amended Complaint to survive Defendants' limited Motion to Dismiss claims for statutory damages and attorneys' fees. In the alternative, should the Court grant Defendants' motion, then Plaintiff should have the opportunity to still pursue its case in an effort to receive actual damages, disgorgement of profits and an appropriately-tailored injunction, among other forms of relief. For the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss.

Respectfully submitted,

**HEITNER LEGAL, P.L.L.C**
*Attorney for Plaintiff*
1736 NE 7th Street
Fort Lauderdale, FL 33304
Phone: 954-558-6999
Fax: 954-927-3333

By: _____
DARREN A. HEITNER

12

Florida Bar No.: 85956
Darren@heitnerlegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2016, I electronically filed the foregoing document using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: _____
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com

## SERVICE LIST

Dale M. Cendali
Joshua L. Simmons
Emma Raviv

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

dale.cendali@kirkland.com
joshua.simmons@kirkland.com
emma.raviv@kirkland.com