Dale M. Cendali
Joshua L. Simmons
Emma Raviv
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
emma.raviv@kirkland.com

*Attorneys for Defendants 2K Games, Inc.
and Take-Two Interactive Software, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOLID OAK SKETCHES, LLC, | CASE NO. 1:16-cv-724(LTS)(RLE) |
| Plaintiff, | ECF Case |
| v. | |
| VISUAL CONCEPTS, INC.; 2K GAMES, INC.; TAKE-TWO INTERACTIVE SOFTWARE, INC., | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS 2K GAMES, INC.
AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** .......................................................................................................................... 3

    I.      SOLID OAK IS NOT ENTITLED TO STATUTORY DAMAGES OR ATTORNEYS' FEES AS A MATTER OF LAW. .................................................. 3

    II.     SOLID OAK'S ARGUMENTS CONCERNING § 412 MISDESCRIBE THE LAW. ............................................................................................................... 4

    III.    SOLID OAK'S STATUTE OF LIMITATIONS ARGUMENT IS INAPPOSITE. ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Arista Records LLC v. Lime Grp. LLC*,
   No. 06 Civ. 5936, 2011 WL 1226277 (S.D.N.Y. Mar. 29, 2011) ............................................... 8

*B2B CFO Partners, LLC v. Kaufman*,
   787 F. Supp. 2d 1002 (D. Ariz. 2011) ................................................................................... 7, 8

*C.A. Inc. v. Rocket Software, Inc.*,
   579 F. Supp. 2d 355 (E.D.N.Y. 2008) .................................................................................. 6, 10

*Dyer v. Napier*,
   No. 04 Civ. 0408, 2006 WL 680551 (D. Ariz. Mar. 16, 2016) ..................................................... 8

*Ez-Tixz, Inc. v. Hit-Tix, Inc.*,
   919 F. Supp. 728 (S.D.N.Y. 1996) ............................................................................................ 5

*Getaped.com, Inc. v. Cangemi*,
   No. 00 Civ. 7661, 2001 WL 1606732 (S.D.N.Y. Dec. 12, 2001) ........................................... 3-4

*Gloster v. Relios, Inc.*,
   No. 02 Civ. 7140, 2006 WL 1804572 (E.D. Pa. June 28, 2006) ................................................ 8

*Irwin v. ZDF Enterprises GmbH*,
   No. 04 Civ. 8027, 2006 WL 374960 (S.D.N.Y. Feb. 16, 2006) ........................................ 4, 8, 9

*Knitwaves, Inc. v. Lollytogs Ltd.*,
   71 F.3d 996 (2d Cir. 1995) ........................................................................................................ 3

*Mason v. Montgomery Data*,
   967 F.2d 135 (5th Cir. 1992) ................................................................................................ 4, 8

*New Name, Inc. v. Walt Disney Co.*,
   No. 07 Civ. 5034, 2008 WL 5587487 (C.D. Cal. July 23, 2008) ........................................... 7, 8

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S. Ct. 1962 (2014) .............................................................................................................. 6

*Sartor v. Walters*,
   No. 06 Civ. 0011, 2006 WL 3497856 (W.D. La. Dec. 5, 2006) ................................................. 8

*Shady Records, Inc. v. Source Enters., Inc.*,
   No. 03 Civ. 9944, 2005 WL 14920 (S.D.N.Y. Jan. 3, 2005) ............................................ passim

*Steele v. Bell*,
   No. 11 Civ. 9343, 2014 WL 1979227 (S.D.N.Y. Mar. 28, 2014) ..................................... passim

*Troll Co. v. Uneeda Doll Co.*,
  483 F.3d 150 (2d Cir. 2007) ............................................................................................. 6

*U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.*,
  No. 04 Civ. 6189, 2008 WL 3906889 (S.D.N.Y. Aug. 21, 2008) ............................... 5-6

*United States v. Kozeny*,
  541 F.3d 166 (2d Cir. 2008) ........................................................................................... 10

*Ushodaya Enterprises, Ltd. v. V.R.S. Int'l, Inc.*,
  64 F. Supp. 2d 352 (S.D.N.Y. 1999) ................................................................................ 7

**Statutes**

17 U.S.C. § 412 ................................................................................................................ passim

17 U.S.C. § 507 ....................................................................................................................... 10

Take-Two files this reply memorandum of law in support of its motion to dismiss certain of Solid Oak's damages claims for failure to state a claim upon which relief can be granted.[1]

## PRELIMINARY STATEMENT

Take-Two's argument is straightforward. As explained in Take-Two's opening brief, Solid Oak is not entitled to statutory damages or attorneys' fees in this case, based on the applicable statute and well-settled case law interpreting it. Solid Oak claims that Take-Two's *NBA 2K16* video game infringes Solid Oak's copyrights in certain Tattoos inked on NBA players LeBron James, Kenyon Martin, and Eric Bledsoe. As is clear from the face of the Amended Complaint and its attachments, however, Take-Two has depicted Messrs. James, Martin, and Bledsoe—and their Tattoos—in its *NBA 2K* videogames since at least 2013, years prior to the registration of the Tattoos with the U.S. Copyright Office in June and July 2015. Under the Copyright Act, to receive statutory damages and attorneys' fees, the works must be registered within three months of publication, or before infringement commences. 17 U.S.C. § 412. Where the same work has allegedly been infringed by the same defendant prior to the date of registration as after registration—which is clearly the case here as Solid Oak admits that the Tattoos appeared in *NBA 2K14* and *NBA 2K15*—binding Second Circuit precedent dictates that statutory damages and attorneys' fees are unavailable.

In response to these black-letter principles, Solid Oak asserts two inapposite and misleading arguments, relying on deceptive images and a dearth of applicable case law. Although not entirely clear, it appears that Solid Oak argues initially that *NBA 2K16* is a separate infringement entitling it to statutory damages and attorneys' fees regardless of Take-Two's prior use of the Tattoos. Without a single relevant case, Solid Oak seems to articulate four bases in an

---

[1] Capitalized terms not defined herein were previously defined in Take-Two's opening brief.

attempt to advance this argument, each of which fails.  ***First***, Solid Oak argues that *NBA 2K16* was an "overtly willful" infringement and that, as such, it is "separate" from past infringements, but applicable cases hold that willfulness plays no role in the § 412 analysis.  ***Second***, Solid Oak argues that an "appreciable period of time" elapsed between Take-Two's past video games and the release of *NBA 2K16* and that such a period of time defeats Take-Two's motion, but courts within this Circuit have held that the amount of time elapsed between alleged infringements has no bearing on this analysis.  ***Third***, Solid Oak argues that, as only one or two game releases included the Tattoos, the § 412 bar is inapplicable, but the statute states that ***any*** infringement triggers the bar.  ***Finally***, Solid Oak argues that *NBA 2K16* is sufficiently different from prior versions of *NBA 2K* such that the Court should not consider the use of the Tattoos in the previous versions.  This argument is again inapposite as courts in this District apply a bright-line test, holding that where, as is the case here, the same defendant allegedly infringed the same work both before and after registration, statutory damages and attorneys' fees are unavailable as a matter of law.  Similarly, Solid Oak's argument that material differences exist is unavailing as a matter of fact as materials submitted in Solid Oak's own opposition brief plainly show that the games include very similar representations of the players, replicating them as they appear in real life.  Solid Oak Br. 10 n.1 (citing https://www.youtube.com/watch?v=uVAyH_zajos).

Separately, Solid Oak confuses and conflates § 412 with the statute of limitations, which is wholly irrelevant to Take-Two's motion.

Because Solid Oak lacks any relevant precedent or support for its arguments, and because § 412 and binding Second Circuit case law counsel otherwise, Take-Two respectfully requests that this Court dismiss Solid Oak's damages requests at the pleadings stage.

# ARGUMENT

## I. SOLID OAK IS NOT ENTITLED TO STATUTORY DAMAGES OR ATTORNEYS' FEES AS A MATTER OF LAW.

As explained in detail in Take-Two's opening brief, the Copyright Act forecloses the "award of statutory damages or of attorney's fees" for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; Take-Two Br. 5–7. The Second Circuit has adopted a broad approach to the § 412 bar, holding that a claim for statutory damages and attorneys' fees must be denied for ***all*** of a defendant's infringements of a work if one of those infringements commenced prior to registration. *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1012 (2d Cir. 1995) (denying attorneys' fees for copyright infringement claim where registration occurred after infringing activities; noting that 17 U.S.C. § 412 would also preclude statutory damages). Where a plaintiff alleges an infringement that is part of a series of allegedly infringing acts, "the infringement 'commences' for purposes of determining eligibility for statutory damages and attorney's fees and costs 'when the first act of infringement in a series of on-going discrete infringements occurs.'" *Shady Records, Inc. v. Source Enters., Inc.,* No. 03 Civ. 9944, 2005 WL 14920, at *20–21 (S.D.N.Y. Jan. 3, 2005) (concluding that a reposting of a work was "nothing more than the continuation of the series of acts"). In other words, infringement that is merely repeated after registration does not give rise to a claim for statutory damages and attorneys' fees, so long as infringement of the same works ***began before*** registration. *Steele v. Bell*, No. 11 Civ. 9343, 2014 WL 1979227, at *6 (S.D.N.Y. Mar. 28, 2014) (holding that post-infringement re-posting of infringing material online is not a new, separate act of infringement, but rather a repeat of pre-registration infringement, and therefore statutory damages were unavailable); *Getaped.com, Inc.*

*v. Cangemi*, No. 00 Civ. 7661, 2001 WL 1606732, at *3 (S.D.N.Y. Dec. 12, 2001) (infringement of unpublished source code that began pre-registration precluded statutory damages).

The alleged infringement here commenced before the effective dates of the Tattoos' registrations; releases of the *NBA 2K* series depicting the Tattoos began as early as 2013. Compl. Ex. B, at 2. Even Solid Oak itself admits this fact. *Id.* ("All of the tattoos identified above are visible in [Take-Two's] NBA 2K14, NBA 2K15, and . . . NBA 2K16."). It even went so far as to assert that Take-Two "has been engaging in ongoing acts of copyright infringement," and that *NBA 2K16* would constitute "additional infringement of the copyrights" in the Tattoos. Compl. Ex. A. The effective dates of Solid Oak's registration certificates, however, are not until two years after *NBA 2K14* was released. *Id.* Exs. D, E, F, H, J, K.

Statutory damages and attorneys' fees simply are unavailable as a matter of law under such circumstances. *Steele*, 2014 WL 1979227, at *6. As the same defendant is alleged to infringe the same works, Solid Oak's claim for relief should be dismissed. *Shady,* 2005 WL 14920 at *21 (citing *Mason v. Montgomery Data,* 967 F.2d 135, 143–44 (5th Cir. 1992) (section 412 barred recovery where the alleged infringement consisted of the reorganization of copyrighted maps into a geographical indexing system, which was then replicated and updated using the original copyrighted materials repeatedly, both before and after the plaintiff registered his copyrights to the maps)); *Irwin v. ZDF Enters. GmbH*, No. 04 Civ. 8027, 2006 WL 374960, at *6 (S.D.N.Y. Feb. 16, 2006) (section 412 applied to new program aired one year after the initial infringing broadcast).

II. **SOLID OAK'S ARGUMENTS CONCERNING § 412 MISDESCRIBE THE LAW.**

Attempting to avoid these black-letter principles, Solid Oak argues that *NBA 2K16* is a separate work from those incorporating the Tattoos before Solid Oak's copyright registrations were filed, and therefore gives rise to separate statutory damages and attorneys' fees. Solid Oak

Br. 9. Although it is not entirely clear, Solid Oak seems to provide four scattershot bases for this argument. In each instance, Solid Oak is wrong.

***First***, without citing a single case or other authority, Solid Oak asserts that § 412 somehow does not apply because Take-Two's creation of *NBA 2K16* was allegedly "overtly willful infringement" due to the fact it was released after Solid Oak sent Take-Two a cease and desist letter. Solid Oak Br. 9. Leaving aside that Take-Two's actions were neither willful nor infringing, willfulness plays no role in the § 412 analysis. Take-Two cited numerous cases supporting this principle in its opening brief, which Solid Oak fails to address in its opposition, tacitly admitting their applicability to this motion. *See, e.g.*, *Steele*, 2014 WL 1979227, at *8 (section 412 applied where defendant posted infringing content before and after cease and desist letter); *Shady Records*, 2005 WL 14920, at *3, *21 (post-registration posting of infringing material was "nothing more than the continuation of the series of acts" that began with preregistration infringement, even though posting occurred after receipt of cease and desist letter); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (section 412 applied where defendants continued to use infringing software after registration and after being informed that they were required to pay a royalty fee).

***Second***, Solid Oak argues that an "appreciable period of time" passed between the video game releases and that, as a result, the release of *NBA 2K16* gives rise to a claim for statutory damages and attorneys' fees. Solid Oak Br. 9–10. Courts in the Second Circuit, however, have declined to determine "whether sufficient time has passed between pre- and post-registration infringement"; instead, they apply a "bright-line rule . . . to preclude recovery of statutory damages and attorney's fees and costs where ***any*** infringement occurs before the effective date of the work's copyright registration." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.*, No.

04 Civ. 6189, 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008) (emphasis added). Indeed, "a bright line rule—precluding an award of statutory damages and attorney's fees when any infringement occurs before the effective date of copyright registration—is preferable to requiring courts to consider, on a case-by-case basis, whether a series of infringements has stopped sufficiently such that the restart constitutes a new set of infringements." *Steele*, 2014 WL 1979227, at *9 (internal quotation marks omitted); *see also C.A. Inc. v. Rocket Software, Inc.*, 579 F. Supp. 2d 355, 364 (E.D.N.Y. 2008) ("The plaintiff alleges no facts to convince the Court to depart from the bright-line rule in this case, so that statutory damages and attorneys' fees are precluded in this action.").[2]

Even if Solid Oak's "appreciable period of time" argument were supported by case law, Solid Oak states in its brief, "[e]ach time an infringing work is reproduced or distributed, the infringer commits a new wrong." Solid Oak Br. 7 (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969–70 (2014)). As *NBA 2K15* continued to be distributed until *NBA 2K16* was released, and continues to be distributed even now,[3] there has been no appreciable gap between Take-Two's use of the Tattoos. Thus, even under Solid Oak's unsupported theory, § 412 still would apply.

***Third***, Solid Oak argues that the two prior versions of *NBA 2K*—which were released in the mass market to great acclaim—somehow are insufficient to establish use prior to Solid Oak's

---

[2] The single case Solid Oak cites does not substantively concern § 412. *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158–59 (2d Cir. 2007) (determining that defendant could not claim protection as a reliance party under § 104A). In fact, the plaintiff in *U2 Home Entm't*, which was cited in Take-Two's opening brief, made an argument identical to the one Solid Oak now asserts relying on *Troll*, and the court specifically held that "*Troll* is inapposite" as *Troll's* holding "simply has no bearing on the application of Section 412 in this case." 2008 WL 3906889, at *15. In any case, *Troll* involved sales of an allegedly infringing product after a nine or ten year hiatus, 483 F.3d at 159, making it factually distinguishable from the circumstances at issue here.

[3] *See* http://www.gamespot.com/articles/gta-5-ships-45-million-copies-including-10-million/1100-6425079/ (noting that, as of February 2015, *NBA 2K15* had shipped 5.5 million copies); http://www.eurogamer.net/articles/2015-08-21-grand-theft-auto-series-has-shipped-over-220m-copies (as of August 2015, *NBA 2K15* had shipped 7 million copies); http://www.gamestop.com/collection/nba-2k15 (offering for sale *NBA 2K15* for PC, Playstation, and Xbox).

registration that would bar relief under § 412. Solid Oak Br. 12. Section 412, however, does not require a certain number of alleged infringements before it forecloses an award of statutory damages or of attorneys' fees. To the contrary, its plain text states that such relief is unavailable for "***any*** infringement of copyright commenced after first publication of the work and before the effective date of its registration." 17 U.S.C. § 412 (emphasis added). Similarly, numerous courts have held that even one infringement of a work prior to registration precludes such an award. *Steele*, 2014 WL 1979227, at *8 (single posting of infringing trailer and photograph on art gallery website before registration of the work at issue precluded award); *Shady Records*, 2005 WL 14920, at *20 (relief precluded where a "second . . . infringement" occurred after registration); *see also New Name, Inc. v. Walt Disney Co.*, No. 07 Civ. 5034, 2008 WL 5587487, at *4 (C.D. Cal. July 23, 2008) (section 412 applied where second infringing t-shirt, developed post-registration, was just a continuation of a first t-shirt, developed pre-registration); *B2B CFO Partners, LLC v. Kaufman*, 787 F. Supp. 2d 1002, 1012 (D. Ariz. 2011) (publication of one edition of an infringing manual before registration precluded award even though a second edition was published after registration). Even were that not the case, the two mass releases of *NBA 2K* prior to Solid Oak's registrations clearly would satisfy any such requirement (if it existed).

***Fourth***, without citing a single case, Solid Oak claims that, because of differences between Take-Two's video game releases, *NBA 2K16* is a new, separate work giving rise to independent claims for statutory damages and attorneys' fees.[4] Solid Oak's unsupported argument is incorrect legally and factually. Legally, it is contrary to the many cases cited in

---

[4] Solid Oak also argues that as *NBA 2K16* was the only work addressed in the Amended Complaint, it is the only work that should be assessed for the purposes of § 412. Solid Oak Br. 9. Solid Oak, however, cannot escape application of § 412 on that basis; if "evidence in the record suggests that the infringing use commenced prior to [the registration] date," these remedies must be denied. *Ushodaya Enters., Ltd. v. V.R.S. Int'l, Inc.*, 64 F. Supp. 2d 352, 353 (S.D.N.Y. 1999) (denying plaintiff's request for statutory damages and attorneys' fees where infringing use commenced prior to registration). Indeed, the attachments to Solid Oak's Amended Complaint show that Take-Two included the Tattoos in previous iterations of *NBA 2K*.

Take-Two's opening brief—not one of which Solid Oak attempts to distinguish—that hold that § 412 applies as long as it is the same defendant infringing the same work. *See, e.g.*, *Irwin*, 2006 WL 374960, at *6; *see also Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 5936, 2011 WL 1226277, at *3 (S.D.N.Y. Mar. 29, 2011) ("Known as the 'ongoing series of infringing acts' doctrine, courts have repeatedly applied this doctrine to *the ongoing infringement of a work by the same direct infringer*."). In *Irwin*, for example, the court dismissed the plaintiff's remedies request pursuant to § 412 where the defendant allegedly infringed the plaintiff's work with one television program before registration and a "new program" with a different title after registration. 2006 WL 374960, at *2, *6. In other words, even though the post-registration use was different, the bright-line rule still applied. *Id.*

Courts have come to similar conclusions in numerous other cases. In *New Name*, statutory damages and attorneys' fees were unavailable where one allegedly infringing t-shirt was sold before registration and another allegedly infringing t-shirt with design changes was sold after registration. 2008 WL 5587487, at *4. Similarly, in *Mason*, a Fifth Circuit decision the reasoning of which courts in this District have adopted, the court held that, despite updates to the plaintiff's map products that occurred after registration, those infringements did not give rise to claims for statutory damages and attorneys' fees. 967 F.2d at 143–44; *see Arista Records*, 2011 WL 1226277, at *3 (adopting *Mason*); *Irwin*, 2006 WL 374960, at *6 (same); *Shady Records,* 2005 WL 14920, at *21 (same).[5] All that is required for § 412 to preclude relief is the same

---

[5] *See also Gloster v. Relios, Inc.*, No. 02 Civ. 7140, 2006 WL 1804572, at *4 (E.D. Pa. June 28, 2006) (creating and selling new jewelry designs after plaintiff's copyright registration did not commence a new infringement when "the allegedly infringing part of the jewelry [was] unchanged in the subsequently created pieces of jewelry"); *B2B*, 787 F. Supp. 2d at 1012 (section 412 applied to revised edition of infringing manual even though it "may differ somewhat from the [prior] version" because "the **same person** . . . allegedly copied the **same copyrighted work**" (emphasis added)); *Dyer v. Napier*, No. 04 Civ. 0408, 2006 WL 680551, at *4 (D. Ariz. Mar. 16, 2006) (holding that post-registration customizing of an allegedly infringing sculpture by changing its size, surface texture, and by adding different sized pedestals did not commence a new infringement under § 412); *Sartor v. Walters*, No. 06 Civ. 0011, 2006 WL 3497856, at *4 (W.D. La. Dec. 5, 2006) (holding

entity copying the same copyrighted work.  *See Steele*, 2014 WL 1979227, at *6; *Irwin*, 2006 WL 374960, at *6; *Shady Records,* 2005 WL 14920, at *21.

In addition to being wrong on the law, Solid Oak is wrong on the facts.  Even if the degree of similarity between *NBA 2K16* and the prior versions of *NBA 2K* mattered (it does not), *NBA 2K16* is just the latest version of the *NBA 2K* series, depicting the NBA players and their Tattoos the same way prior iterations of the video game had done.  Solid Oak's opposition includes two misleading photographs that it asserts show that *NBA 2K16* is markedly different from the prior *NBA 2K* games rendering the Tattoos.  Solid Oak Br. 11.  The image from the earlier version of *NBA 2K* included in Solid Oak's brief is not from *NBA 2K14* or *NBA 2K15*, however; no doubt it is from a videogame from over fifteen years ago.  This is clear from the YouTube video to which Solid Oak cites, which claims to compare *NBA 2K15* and *NBA 2K16*.  As shown below, images from that video reveal the similarity between the two versions of Take-Two's game:



As Solid Oak's arguments are meritless, Take-Two's motion should be granted.

## III.    SOLID OAK'S STATUTE OF LIMITATIONS ARGUMENT IS INAPPOSITE.

Solid Oak also argues that it is entitled to relief based on an analysis of the statute of

---

that post-registration publication of new issues of a magazine using the same allegedly infringing layout did not commence a new and separate infringement under § 412).

limitations. Solid Oak Br. 7 (arguing that Solid Oak "filed its action well within three years after the claim accrued under 17 U.S.C. § 507(b)"). Solid Oak's reliance on the statute of limitations is misplaced as Take-Two's motion was made under § 412, not § 507(b).[6] These provisions are entirely distinct. *See C.A. Inc. v. Rocket Software, Inc.*, 579 F. Supp. 2d 355, 363 (E.D.N.Y. 2008) (finding that statute of limitations defense did not apply, but separately finding that plaintiff was not entitled to statutory damages and attorneys' fees under § 412 because infringement of the plaintiff's work commenced before registration of the plaintiff's work, and was a mere continuation of the pre-registration infringement). Take-Two is aware of no case in which a court has elided these two concepts, nor does Solid Oak cite to one.

Even if the statute of limitations were relevant to Take-Two's motion (it is not), Solid Oak's argument would lead to the absurd conclusion that every timely-filed copyright lawsuit would entitle a plaintiff to statutory damages and attorneys' fees. This simply is not the case. *See, e.g., Steele*, 2014 WL 1979227, at *6 (copyright claim properly brought but statutory damages and attorneys' fees precluded). Moreover, it would make § 412 superfluous, which is improper as a matter of statutory interpretation. *United States v. Kozeny*, 541 F.3d 166, 174 (2d Cir. 2008) (holding that it would "not adopt a statutory interpretation that would render superfluous" a provision of the statute at issue).

Accordingly, Solid Oak's statute of limitations argument is irrelevant to deciding Take-Two's motion.

## **CONCLUSION**

For the foregoing reasons, Take-Two respectfully requests that this Court grant its motion to dismiss Solid Oak's claims for statutory damages and attorneys' fees ***with prejudice***.

---

[6] Take-Two has not asserted a statute of limitations defense in its motion, and does not dispute Solid Oak's conclusion that it is able to assert its substantive copyright claim. Thus, Solid Oak's argument that it is entitled to bring its substantive copyright claim is immaterial.

Dated: New York, New York
       May 27, 2016

*/s/ Dale M. Cendali*
Dale M. Cendali
Joshua L. Simmons
Emma Raviv
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
emma.raviv@kirkland.com

Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.