UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

SOLID OAK SKETCHES, LLC,

       Plaintiff,

    -v-                             No.  16CV724-LTS

2K GAMES, INC. and TAKE-TWO
INTERACTIVE SOFTWARE, INC.,

       Defendants.

------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

       Plaintiff Solid Oak Sketches, LLC ("Solid Oak" or "Plaintiff") brings this action

against 2K Games Inc. ("2K Games") and Take-Two Interactive Software, Inc. ("Take-Two"

and, collectively, "Defendants"),[1] asserting a claim of copyright infringement pursuant to the

Copyright Act of 1976, 17 U.S.C. § 101 <u>et</u> <u>seq.</u> (the "Copyright Act").  Plaintiff seeks to recover

actual damages in an amount to be determined at trial, or, in the alternative, statutory damages

and attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505, as well as preliminary and permanent

injunctive relief.

       Now before the Court is Defendants' motion, brought pursuant to Federal Rule of

Civil Procedure 12(b)(6), to dismiss Plaintiff's claim for statutory damages and attorneys' fees.

The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Court

has reviewed the parties' submissions thoroughly and, for the reasons stated below, grants

---

[1]     On April 7, 2016, Plaintiff voluntarily dismissed with prejudice all claims against
Defendant Visual Concepts, LLC pursuant to Federal Rule of Civil Procedure
41(a).  (<u>See</u> Docket Entry No. 28.)

Defendants' motion in its entirety.

BACKGROUND[2]

Defendants are responsible for the development, creation and marketing of the NBA 2K basketball simulation video game series. (Compl. ¶¶ 11, 17.) An updated version of the NBA 2K game is released annually. (Id. ¶ 11.) The video games feature animated versions of National Basketball Association (NBA) players as they appear in real life, replicating their physical features, including their tattoos. (See id. Ex. A.) In several versions of NBA 2K, Defendants have reproduced and displayed eight tattoo designs inked on five different NBA players. (Id.) The tattoos first appeared in NBA 2K14 (released in 2013) and subsequently appeared in NBA 2K15 (released in 2014). (See id. Ex. B.)

In 2012, Plaintiff entered into Copyright License Agreements with the artists who designed the tattoos used in the NBA 2K series, granting all rights and permissions to reproduce the designs to Plaintiff. (Id. ¶¶ 33, 36-37; see Exs. C, G, I.) In June and July of 2015, the U.S. Register of Copyrights of the U.S. Copyright Office issued Certificates of Registration for the tattoo designs. (Id. ¶¶ 34-35, 38; see Exs. D, E, F, H, J, K.) On July 8, 2015, Plaintiff contacted

---

[2]   The facts recited herein are drawn from the Complaint (Docket Entry No. 1 ("Compl.")) in this action and are taken as true for the purposes of this motion practice. See Weshnak v. Bank of America, N.A., 451 F. App'x 61, 61 (2d Cir. 2012) (at the motion to dismiss stage, the court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor."). Additional facts are drawn from the documents proffered by Plaintiff as attachments to the Complaint. See DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." (citations omitted)).

Defendants to discuss Defendants' allegedly infringing use of the copyrighted tattoo designs in the NBA 2K game series.  (Id. ¶ 21.)  Defendants ultimately terminated the discussions and continued to produce the video games featuring the now-copyrighted tattoos.  (Id. ¶ 23.)

On September 29, 2015, Defendants released a new version of the NBA 2K series called NBA 2K16, which included improved graphics and smoother looking character models.  (Id. ¶¶ 11, 13, 16.)  This version also included reproductions of Plaintiff's copyrighted tattoo designs, which were more individualized than in prior versions.  (Id.)  Plaintiffs filed the instant infringement action on February 1, 2016.  (See Docket Entry No. 1.)

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations contained within the complaint and draws all reasonable inferences in the plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).  However, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Courts will not "accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

Under the Copyright Act, a copyright infringer can be held accountable for either actual damages and profits of the infringer or statutory damages.  17 U.S.C. § 504(a).  The court may also award a reasonable attorneys' fee to the prevailing party in a copyright infringement action.  17 U.S.C. § 505.  However, in order to obtain statutory damages and attorneys' fees, a

plaintiff must have registered its copyright prior to the alleged infringement.  See 17 U.S.C.

§ 412; Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1012 (2d Cir. 1995); see also Ez-Tixz,

Inc. v. Hit-Tix, Inc., 919 F. Supp. 728, 735-36 (S.D.N.Y. 1996) (dismissing plaintiff's statutory

damages and attorneys' fees claims where plaintiff's complaint alleged infringement prior to

registration).  Even "[w]here the alleged infringement begins before registration and continues

after registration, statutory damages and attorney fees are still unavailable."  Argentto Sys., Inc.

v. Subin Assocs., LLP, No. 10-CV-8174, 2011 WL 2534896, at *2 (S.D.N.Y. June 24, 2011)

(citations omitted); see also Ez-Tixz, 919 F. Supp. at 736 ("Under section 412, infringement

'commences' when the first act of infringement in a series of on-going discrete infringements

occurs." (citations omitted)).

       Courts in this district have held that Section 412 of the Copyright Act imposes a

bright-line rule that precludes recovery of statutory damages and attorneys' fees where the first

act of infringement in a series of ongoing infringements occurred prior to the work's copyright

registration, finding such a bright-line rule preferable to case-by-case analyses of whether a

series of infringements "has stopped sufficiently such that the restart constitutes a new set of

infringements."  See Steele v. Bell, No. 11-CV-9343-RA, 2014 WL 1979227, at *8-9 (S.D.N.Y.

Mar. 28, 2014) (citing U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc., No. 04-CV-6189-

JFK, 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008); Shady Records, Inc. v. Source Enters.

Inc., No. 03-CV-9944-GEL, 2005 WL 14920, at *22 (S.D.N.Y. Jan. 3, 2005)).

       In the instant case, Defendants' infringement of the tattoo designs began with the

release of NBA 2K14 in 2013 (see Compl. Ex. B) and Plaintiff did not register the tattoo designs

with the U.S. Copyright Office until 2015.  (Id. ¶¶ 34-35, 38.)  Thus, Defendants' alleged

infringement commenced prior to effective registration of the works.  Plaintiff claims, however,

that despite the applicability of Section 412 of the Copyright Act, Plaintiff should be entitled to statutory damages and attorneys' fees because the 2K16 version of the game was released after Plaintiff's copyright registration and this version constituted a separate instance of infringement giving rise to a discrete claim.  Plaintiff further argues that there was no ongoing or continuous series of infringements, because Defendants created only two infringing games before registration of the tattoos and because the gap in time between the release of the earlier infringing 2K games and 2K16 was great enough that the release of 2K16 constituted a separate act of infringement.

In support of its arguments, Plaintiff relies principally on a single Second Circuit decision which held that a post-registration act of infringement is not "deemed to have commenced before registration if the infringing activity ceased for an appreciable period of time." Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 159 (2d Cir. 2007).  However, as explained in U2 Home Entertainment, the "Second Circuit's holding in Troll does not enable [Plaintiff] to avoid the bright-line stricture of Section 412." U2 Home Entertainment, 2008 WL 3906889, at *15.  The U2 Home court persuasively distinguished the case before it from Troll, by pointing out that the "appreciable period of time between infringements in [Troll] was "nearly a decade" whereas, in U2 Home, the periods between infringements of the reproduced works were "far shorter, ranging from eight days to slightly more than two years." Id.; see also Irwin v. ZDF Enterprises GmbH, No. 04-CV-8027-RWS, 2006 WL 374960, at *6 (S.D.N.Y. Feb. 16, 2006) (dismissing the plaintiff's claims for statutory damages and attorneys' fees after holding that a post-registration infringing television program that aired just one year after the initial infringing program was a continuation of a series of ongoing infringements, rather than a separate infringement).  Here, there was only a one-year gap between the pre-registration infringement in

2K15 and post-registration infringement in 2K16 (see Compl. ¶ 11; Ex. B.), which does not constitute an "appreciable period of time" in this context.  Furthermore, it does not matter that there were only two pre-registration infringing games because Section 412's bright-line rule precludes statutory damages and attorneys' fees where there is any infringement before registration.  17 U.S.C. § 412; see Shady Records, 2005 WL 14920, at *20 (denying statutory relief where there was one act of pre-registration infringement) (emphasis added).

       Plaintiff further argues that the updates to 2K16 distinguish it as a work that is separate from the game's previous iterations.  However, when the same defendant infringes on the same protected work in the same manner as it did prior to the work's registration, the post-registration infringement constitutes the continuation of a series of ongoing infringements.  See, e.g., Irwin, 2006 WL 374960, at *6 (holding that a television program that infringed the same copyrighted musical composition in a second "newly configured version of [a television] program" with a different title constituted a continuation of the prior iteration of that program's infringement of the composition).  Here, the same Defendants have allegedly and continuously been infringing the same tattoo designs owned by Plaintiff.  (See Complaint, Exs. A, B.)  The pre- and post-registration versions of the 2K series are the same basketball simulation video game; the only material differences are updates to the title and visual and graphical improvements.  (See id. ¶¶ 13, 16.)  The allegations of the Complaint plausibly support such a conclusion, asserting that Defendants have been "engaging in ongoing acts of copyright infringement" and that "NBA 2K16 would include additional infringement of the copyrights." (Id. Ex. A.) (emphasis added).

       Plaintiff also claims that 2K16 constitutes a separate act of infringement because Plaintiff filed its action within the Copyright Act's three-year statute of limitations.  17 U.S.C.

§ 507(b).  In support of this argument, Plaintiff relies on cases that state that each act of infringement creates a distinct harm, which gives rise to an independent claim for relief (see, e.g., Stone v. Williams, 970 F.2d 1043, 1049-50 (2d Cir. 1992)), and argues that this logic should be applied to within the statutory damages context as well.  However, Plaintiff cites no authority for the proposition that this general principle overcomes the clear provisions of Section 412 where the original infringement occurred prior to copyright registration.  See C.A. Inc. v. Rocket Software, Inc., 579 F. Supp. 2d 355, 362-63 (E.D.N.Y. 2008) (denying the defendant's motion to dismiss on statute of limitations grounds but granting the defendant's motion to preclude plaintiffs from seeking statutory damages and attorneys' fees).

Finally, Plaintiff argues that the 2K16 infringement was willful because it took place after Plaintiff put Defendants on notice of the copyrighted tattoo designs, and claims that the Court should therefore distinguish the 2K16 infringement from prior infringements. Willfulness, however, is not relevant to the Section 412 analysis and this argument is therefore inapposite.  While it is true that a plaintiff may recover greater statutory damages in cases of willful infringement (17 U.S.C. § 504(a)), willfulness and the awareness of infringement do not otherwise affect Section 412's restrictions on statutory damages in cases of pre-registration infringement.  See Steele, 2014 WL 1979227, at *8 (applying Section 412 where the defendant posted infringing content both before and after receiving a cease-and-desist letter); Ez-Tixz, 919 F. Supp. at 731 (applying Section 412 where the defendants continued to infringe a computer program copyright after being told to pay a royalty fee).

In light of the foregoing, Plaintiff's arguments that 2K16 constitutes a separate act of infringement are unavailing.  Thus, Section 412's ban on statutory damages and attorneys' fees stemming from pre-registration infringement is controlling here, and Plaintiff is not entitled

to recover either statutory damages or attorneys' fees.  Defendants' motion to dismiss Plaintiff's

claims for statutory damages and attorneys' fees is therefore granted.


CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss

Plaintiff's claims for statutory damages and attorneys' fees.

This Memorandum Opinion and Order resolves Docket Entry No. 32.

The initial pretrial conference in this matter remains scheduled for **November 4,**

**2016, at 10:00 a.m.**  The parties are directed to make their pre-conference submissions in

accordance with the Initial Conference Order.  (Docket Entry No. 34.)

SO ORDERED.

Dated: New York, New York
       August 2, 2016


   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge