Dale M. Cendali
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOLID OAK SKETCHES, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>     Defendants. | CASE NO. 1:16-cv-724(LTS)(RLE)<br><br>ECF Case |

### DEFENDANTS' ANSWER TO PLAINTIFF SOLID OAK SKETCHES, LLC'S SECOND AMENDED COMPLAINT

Defendants and Counterclaimants 2K Games, Inc. ("2K") and Take-Two Interactive Software, Inc. ("Take-Two") (collectively, "Defendants"), by and through their attorneys, Kirkland & Ellis LLP, hereby answer the Second Amended Complaint of Plaintiff Solid Oak Sketches, LLC ("Solid Oak"), dated October 24, 2016, ("Complaint") as follows:[1]

---

[1] Defendants filed Counterclaims on August 16, 2016 (Dkt. No. 47) that are currently the subject of a pending motion to dismiss before this Court. Pl.'s Mot. Dism. (Dkt. No. 48). Defendants and Solid Oak agreed that Defendants would not restate the Counterclaims in this pleading and that the Counterclaims would remain pending before the Court subject to Solid Oak's motion.

## **NATURE OF ACTION, JURISDICTION, AND VENUE**

1. State that the allegations set forth in Paragraph 1 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, state that the Complaint purports to assert a claim for copyright infringement.

2. State that the allegations set forth in Paragraph 2 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, state that the Complaint seeks injunctive relief and damages.

3. State that the allegations set forth in Paragraph 3 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that Plaintiff's Complaint purports to assert claims against Defendants based on the Copyright Act.

4. State that the allegations set forth in Paragraph 4 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admit that Take-Two's principal place of business is in the Southern District of New York.

5. State that the allegations set forth in Paragraph 5 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Complaint.

7. Admit the allegations set forth in Paragraph 7 of the Complaint.

8. Admit the allegations set forth in Paragraph 8 of the Complaint.

9. State that the allegations set forth in Paragraph 9 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 9, except admit that *NBA 2K14* was released on October 1, 2013, and that it was a version of the *NBA 2K* video game series.

10. State that the allegations set forth in Paragraph 10 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 10, except admit that *NBA 2K15* was released on October 7, 2014, and that it was a version of the *NBA 2K* video game series.

11. State that the allegations set forth in Paragraph 11 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 11, except admit that *NBA 2K16* was released on September 29, 2015.

12. Admit the allegations set forth in Paragraph 12 of the Complaint.

13. Deny the allegations set forth in Paragraph 13 of the Complaint, except state that, to the extent that the Complaint quotes from the article cited in Footnote 3, the article speaks for itself.

14. State that, to the extent that the Complaint quotes from the article cited in Footnote 4, the article speaks for itself.

15. Deny the allegations set forth in Paragraph 15 of the Complaint, except admit that 2K has promoted *NBA 2K16*'s MyCAREER mode, one component of which allows players to create MyPLAYER characters with certain tattoos, but note that the tattoos available in MyCAREER mode do not include the tattoos at issue in this litigation.

16. Deny the allegations set forth in Paragraph 16, except state that, to the extent the Complaint quotes from the article cited in Footnote 6, the article speaks for itself.

17. Admit the allegations set forth in Paragraph 17 of the Complaint.

18. Admit the allegations set forth in Paragraph 18 of the Complaint.

19. Admit the allegations set forth in Paragraph 19 of the Complaint, but state that the revenue increase was due primarily to an increase in revenue from video games other than *NBA 2K16*.

20. Deny the allegations set forth in Paragraph 20 of the Complaint, except admit that Solid Oak sent a letter to Daniel Emerson, dated July 7, 2015, which claimed that Take-Two's *NBA 2K* video games, including *NBA 2K14*, infringed copyrighted tattoo designs.

21. Deny the allegations set forth in Paragraph 21 of the Complaint, except admit that the letter attached to the Complaint as Exhibit B dated July 28, 2015 is addressed and was sent to Peter Welch, and that it claimed that Take-Two's *NBA 2K* video game series, including *NBA 2K14*, infringed copyrighted tattoo designs.

22. State that the allegations set forth in Paragraph 22 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 22, except admit that Defendants requested documentation of claims made by Solid Oak, Defendants did not agree to Solid Oak's settlement terms, and Defendants released *NBA 2K16*.

23. State that the allegations set forth in Paragraph 23 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, state that 17 U.S.C. § 102 speaks for itself.

24. State that the allegations set forth in Paragraph 24 of the Complaint are conclusions of law as to which no responsive pleading is necessary.

25. State that the allegations set forth in Paragraph 25 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, state that the *Feist Publications, Inc. v. Rural Telephone Service Co.* opinion speaks for itself.

26. State that the allegations set forth in Paragraph 26 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the Complaint, except admit that each document attached to the Complaint as Exhibits C, G, and I is titled "Tattoo Art Exclusive License Agreement (Artwork)."

27. State that the allegations set forth in Paragraph 27 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of the Complaint, and state that 17 U.S.C. § 101 speaks for itself.

28. State that the allegations set forth in Paragraph 28 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, state that 17 U.S.C. § 102 speaks for itself.

29. State that the allegations set forth in Paragraph 29 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, state that 17 U.S.C. § 101 speaks for itself.

30. State that the allegations set forth in Paragraph 30 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the Complaint, and state that 17 U.S.C. § 102 and the materials cited in the Complaint speak for themselves.  Defendants also note that Professor David Nimmer concluded in the declaration from the *Whitmill* case cited by Solid Oak that "human flesh cannot serve as the 'medium of expression' that Congress intended to embody legally protectable authorship" and, thus, a "claim of copyright over a tattoo . . . must be summarily rejected."  Declaration of David Nimmer ¶ 25, *Whitmill v. Warner Bros. Entm't, Inc.*, No. 4:11 Civ. 752 (E.D. Mo.).

31. State that the allegations set forth in Paragraph 31 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, state that the news article from which Solid Oak quotes speaks for itself. Defendants also note that a written opinion was not issued in the *Whitmill* case on the subject of tattoo copyrightability.

32. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Complaint, except admit that the document attached to the Complaint as Exhibit C is titled "Tattoo Art Exclusive License Agreement (Artwork)" and the document attached to the Complaint as Exhibit D is dated June 8, 2015 and titled "Certificate of Registration," and state that the documents speak for themselves.

33. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the Complaint, except admit that the document attached to the Complaint as Exhibit F is dated July 24, 2015 and titled "Certificate of Registration," and state

that the document speaks for itself.  Defendants also note that there is no Exhibit E attached to the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the Complaint, except admit that a document is attached to the Complaint as Exhibit G and is titled "Tattoo Art Exclusive License Agreement (Artwork)," and a document is attached to the Complaint as Exhibit H and is dated July 24, 2015 and titled "Certificate of Registration," and state that the documents speak for themselves.  Defendants also note that the citations to Exhibits F and G in Paragraph 34 of the Complaint appear to be in error.

35. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Complaint, except admit that a document is attached to the Complaint as Exhibit I and is titled "Tattoo Art Exclusive License Agreement (Artwork)," and a document attached to the Complaint as Exhibit J is dated July 24, 2015 and is titled "Certificate of Registration," and state that the documents speak for themselves.  Defendants also note that the citations to Exhibits H and I in Paragraph 35 of the Complaint appear to be in error.

36. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the Complaint, except admit that Exhibit K is dated July 24, 2015 and is titled "Certificate of Registration," and state that the document speaks for itself.  Defendants also note that the citation to Exhibit J in Paragraph 36 of the Complaint appears to be in error.

37. Repeat and reallege each and every response to Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. State that the allegations set forth in Paragraph 38 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, state that Solid Oak's Complaint purports to assert a claim for copyright infringement against Defendants.

39. State that the allegations set forth in Paragraph 39 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the same.

40. State that the allegations set forth in Paragraph 40 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the same.

41. State that the allegations set forth in Paragraph 41 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the same.

42. State that the allegations set forth in Paragraph 42 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the same.

43. State that the allegations set forth in Paragraph 43 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the same, except admit that Solid Oak has asserted that the *NBA 2K14*, *NBA 2K15*, and *NBA 2K16* video games infringe copyrighted tattoo designs.

44. State that the allegations set forth in Paragraph 44 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the same.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

45.     Solid Oak's claims fail, in whole or in part, because the Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (*DE MINIMIS* USE)

46.     Solid Oak's claims are barred, in whole or in part, by the doctrine of *de minimis* use.

### THIRD DEFENSE
### (FAIR USE)

47.     Solid Oak's claims are barred, in whole or in part, by the doctrine of fair use.  17 U.S.C. § 107.

### FOURTH DEFENSE
### (LICENSE)

48.     Solid Oak's claims are barred, in whole or in part, by license.

### FIFTH DEFENSE
### (CONSENT, WAIVER, ESTOPPEL)

49.     Solid Oak's claims are barred, in whole or in part, by consent, waiver, and/or estoppel.

### SIXTH DEFENSE
### (NON-INFRINGEMENT)

50.     Solid Oak's claims are barred, in whole or in part, because Defendants do not and have not infringed the copyrights at issue, including without limitation pursuant to the doctrines of *scènes à faire*, merger and/or other limits on the scope of copyright protection.

SEVENTH DEFENSE
(FRAUD ON THE COPYRIGHT OFFICE)

51. Solid Oak's claims are barred, in whole or in part, by the doctrine of fraud on the U.S. Copyright Office.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants Take-Two and 2K respectfully request judgment against Plaintiff Solid Oak as follows:[2]

A. Deny Solid Oak all relief requested in its Complaint in this action and dismiss Solid Oak's Complaint with prejudice;

B. Declare that Counterclaimants' use of the Tattoos is a *de minimis* use;

C. Declare that Counterclaimants' use of the Tattoos is a fair use;

D. Declare that fraud on the Copyright Office was committed in registering the Lion's Head Tattoo Artwork;

E. Order Solid Oak to cancel the registration for the Lion's Head Tattoo Artwork;

F. Grant an award of Counterclaimants' costs and disbursements in this action, including reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

G. Grant such other, further and different relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury on all issues so triable in this action.

---

[2] For the convenience of the Court, Defendants set forth the relief that they seek with regard to both Solid Oak's Second Amended Complaint and Defendants' Counterclaims.

Dated: New York, New York
      November 10, 2016

*/s/ Dale M. Cendali*
Dale M. Cendali
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

Attorneys for Defendants