UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SOLID OAK SKETCHES, LLC,

        Plaintiff/Counter Defendant,

  -v-                                                            No.  16CV724-LTS

2K GAMES, INC. and TAKE-TWO
INTERACTIVE SOFTWARE, INC.,

        Defendants/Counterclaimants.

----------------------------------------------------------x

## MEMORANDUM ORDER

        Solid Oak Sketches, LLC ("Solid Oak" or "Counter Defendant") brings this action against 2K Games Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two" or "Counterclaimants"), asserting a claim of copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act").  Counterclaimants bring counterclaims for declaratory judgment pursuant to the Copyright Act and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

        Now before the Court is Counter Defendant's motion, brought pursuant to Federal Rule of Civil Procedure 12(f), to dismiss counterclaims for declaratory judgment.  The Court has reviewed the parties' submissions thoroughly and, for the reasons below, denies Counter Defendant's motion in its entirety.

## BACKGROUND

        Familiarity with the facts of this case is assumed.  The following is a brief

summary of the facts relevant to this Memorandum Order.[1]

Take-Two develops, publishes, and distributes the NBA 2K series of video games, which is released annually. (Countercl. ¶¶ 8-9.) The games depict individual NBA players realistically, including the players' tattoos. (Id. ¶¶ 10, 13, 142.) In its initial Complaint, Solid Oak asserted infringement of copyrights in six tattoos, including "Lion's Head Tattoo Artwork," by Counterclaimants in NBA 2K16. (Compl. ¶¶ 33-38; see also SAC Ex. A (asserting infringement of copyrights in eight tattoos).) In the Second Amended Complaint, Solid Oak asserts infringement of five of the originally disputed copyrights, dropping is infringement claim as to "Lion's Head Tattoo Artwork." (Compare SAC ¶¶ 32-36 with Amended Complaint (Docket Entry No. 26) ¶¶ 33-38.)

Take-Two asserts seven affirmative defenses, including that Solid Oak's claims are barred, in whole or in part, by the doctrines of de minimis use (Ans. ¶ 46), fair use (id. ¶ 27), and fraud on the U.S. Copyright Office (id. ¶ 51). Take-Two counterclaims for a declaratory judgment that its depictions of the disputed tattoos constitute de minimis use (Countercl. ¶¶ 197-208) and fair use (id. ¶¶ 209-227). Take-Two also seeks a declaratory judgment that the copyright registration for "Lion's Head Tattoo Artwork" is invalid and an order directing cancellation of that registration. (Id. ¶¶ 228-235.)

---

[1] The facts recited herein are drawn from the Second Amended Complaint (Docket Entry No. 55 ("SAC")), the Answer to the SAC (Docket Entry No. 57 ("Ans.")), and the Counterclaims (Docket Entry No. 47 ("Countercl.")). "All facts alleged by the [Counterclaimants] are assumed to be true for purposes of this motion and are construed in a light most favorable to the [Counterclaimants] as the non-moving party." Ferring B.V. v. Fera Pharm., LLC, No. 13-CV-4640-SJF-AKT, 2014 WL 4829053, at *1 (E.D.N.Y. Aug. 13, 2014), report and recommendation adopted, No. 13-CV-4640-SJF-AKT, 2014 WL 4829458 (E.D.N.Y. Sept. 29, 2014), adhered to on reconsideration, No. 13-CV-4640-SJF-AKT, 2015 WL 5307793 (E.D.N.Y. Sept. 10, 2015).

DISCUSSION

Solid Oak moves pursuant to Rule 12(f) to dismiss all three counterclaims. (Pl. Mot. to Dismiss, Docket Entry No. 48.) Rule 12(f) provides that the Court "may strike from a pleading . . . any redundant . . . matter." Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are infrequently granted." Worldwide Home Prod., Inc. v. Bed Bath & Beyond, Inc., No. 11-CV-03633-LTS, 2013 WL 247839, at *1 (S.D.N.Y. Jan. 22, 2013). Solid Oak argues that dismissal is warranted because the counterclaims are "mirror images" of Take-Two's affirmative defenses. (Pl. Mem. in Supp. of Mot. to Dismiss, Docket Entry No. 49, at 3-4.)

"A district court should entertain a counterclaim for declaratory judgment if the 'judgment will serve a useful purpose in clarifying or settling the legal issues involved,' and if the 'judgment [will] finalize the controversy and offer relief from uncertainty.'" Smith v. BarnesandNoble.com, LLC, No. 1:12-CV-04374-ALC, 2014 WL 1088955, at *1 (S.D.N.Y. Mar. 18, 2014) (quoting Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 860 F. Supp. 128, 132 (S.D.N.Y. 1994)). But it should dismiss the counterclaim if it "add[s] nothing to the affirmative defenses" and "do[es] not constitute an independent cause of action." Arista Records LLC v. Usenet.com., Inc., No. 07-CV-8822-HB, 2008 WL 4974823, at *4 (S.D.N.Y. Nov. 24, 2008); see Smith, 2014 WL 1088955, at *1 ("[A] counterclaim is not duplicative or redundant if it asserts an independent case or controversy that survives the dismissal of plaintiff's claim." (internal quotation marks omitted)). "[C]ourts often decline to strike counterclaims at an early stage in litigation if it is difficult to tell if the counterclaim is duplicative of other pleadings." Fluke Elecs. Corp. v. CorDEX Instruments, Inc., No. 12-CV-2082-JLR, 2013 WL 2468846, at *3

(W.D. Wash. June 7, 2013); see Leach v. Ross Heater & Mfg. Co., 104 F.2d 88, 91-92 (2d Cir. 1939) ("While it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, we are of opinion that it was error to strike out the counterclaim at so early a stage.").

A counterclaim for declaratory judgment states an independent cause of action "where a reasonable apprehension exists that if [a party] continues an activity it will be sued by another party." Pony Pal, LLC. v. Claire's Boutiques, Inc., No. 05-CIV-2355-CSH, 2006 WL 846354, at *4 (S.D.N.Y. Mar. 31, 2006) (quoting 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 132 (S.D.N.Y. 1994)).[2]  Where a suit asserting infringement has been filed, "a counterclaim for a declaration of invalidity may be entertained even after a court finds in plaintiff's favor on the infringement question and dismisses the complaint." Worldwide Home Prod., 2013 WL 247839, at *2-3 (citing Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95-98 (1993)).  The existence of a counterclaim asserting invalidity militates against dismissal of counterclaims for declaration of non-infringement as well.  See Arista Records, 2008 WL 4974823, at *3 (discussing Leach, 104 F.2d 88).

Take-Two's counterclaim for declaratory judgment as to the validity of the Lion's Head Tattoo Artwork copyright is not duplicative of its affirmative defenses and, thus, constitutes an independent cause of action.  Because the SAC does not assert infringement of

---

[2] Although Pony Pal is a patent case, "[t]he same principles that control patent cases are applicable . . . if a declaratory judgment is sought about a copyright." Matthew Bender & Co. v. W. Publ'g Co., No. 94-CV-0589-JSM, 1996 WL 223917, at *11 n.1 (S.D.N.Y. May 2, 1996) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2761 (1983)).

this copyright, its validity is necessarily not implicated by the defense of fraud on the U.S. Copyright Office.  An actual controversy exists between the parties concerning the validity of the Lion's Head Tattoo Artwork copyright, and it is a proper subject of declaratory judgment.  Solid Oak has asserted infringement of this copyright against Take-Two in the past, giving rise to a "reasonable apprehension" that Solid Oak will sue Take-Two if it continues to produce games depicting that tattoo, and "the validity of the [copyright] may very well be placed at issue in further litigation between the parties."  Pony Pal, 2006 WL 846354, at *4.  Declaratory judgment on this issue in this action would thus "serve a useful purpose" and "offer relief from uncertainty."  Smith, 2014 WL 1088955, at *1.  The motion to strike this counterclaim is therefore denied.

Further, because the disposition of Solid Oak's claims would not necessarily require the Court to address the merits of each of Take-Two's affirmative defenses, the motion to strike the counterclaims for declaratory judgment on the issues of de minimis use and fair use as duplicative of those defenses is premature.  See Fluke Elecs. Corp., 2013 WL 2468846, at *3.  Take-Two has a substantial interest in the resolution of the de minimis use and fair use declaratory judgment counterclaims because Take-Two releases the NBA 2K game annually (see Countercl. ¶ 9), and Take-Two depicts other tattoos–including those that have been subjects of Solid Oak's previous demands (see SAC Ex. A)–in a similar manner (see Countercl. ¶¶ 146-148).  Because resolution of these disputed issues would also "serve a useful purpose" and "offer relief from uncertainty," the motion to strike these counterclaims is also denied.  Smith 2014 WL 1088955, at *1.

## CONCLUSION

For the foregoing reasons, the Counter Defendant's motion to strike counterclaims is denied. This Memorandum Opinion and Order resolves Docket Entry No. 48. The next conference will be held **June 30, 2017**, at 10:15 a.m.

       SO ORDERED.

Dated: New York, New York
      May 16, 2017

                                         /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge