```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Solid Oak Sketches, LLC,

                     Plaintiff,

-against-

2K Games, Inc. et al.,

                     Defendants.

1:16-cv-00724 (LTS) (SDA)

ORDER COMPELLING
<u>PRODUCTION OF DOCUMENTS</u>

**STEWART D. AARON, United States Magistrate Judge:**

On the pending Letter-Motion to Compel and related briefing (ECF Nos. 94, 98-99), and following a telephone conference held on December 18, 2017, it is hereby ordered that Plaintiff shall:

1. Produce all documents that are responsive to Defendants' Document Request Nos. 33 and 35,[1] concerning communications between Plaintiff and the individuals responsible for inking the tattoos at issue in this litigation, including Justin Wright, Shawn Rome and Tommy Ray Cornett, and produce communications between Plaintiff and those individuals' respective employers;

2. Produce all documents that are responsive to Defendants' Document Request Nos. 28-30, concerning communications between Plaintiff and the NBA players whose tattoos are at issue in this litigation, including Kenyon Martin, LeBron James and Eric Bledsoe;

---

[1] All references to specific document requests in this Order refer to those contained in Plaintiff's Response and Objections to Defendants' Request for Production of Documents, attached as Exhibit A to Defs.' Letter-Reply to Pl's Letter-Resp. in Opp'n to Mot. (ECF No. 99-1).

3. Produce all documents that are responsive to Defendants' Document Request Nos. 48-49 and 66, concerning the marketing of the tattoos at issue in this litigation;

4. Produce all documents that are responsive to Defendants' Document Request Nos. 52-53, concerning actual merchandise bearing the tattoos at issue in this litigation;

5. Produce all documents that are responsive to Defendants' Document Request Nos. 61-65 and 71-74, concerning Plaintiff's financial information;

6. Conform prior and future productions to the format specified in Defendants' requests for production,[2] if reasonably practicable. If Plaintiff's productions cannot reasonably be made in the specified format, the parties are directed to meet and confer about a suitable alternative format;

7. Provide direct responses to those document requests specified in this Order for which Plaintiff's response was "no documents can be produced in response to this request." Such responses shall state whether or not documents responsive to the specific document request exist; if no responsive documents exist, Plaintiff shall indicate whether any responsive documents previously existed, whether the previously-existing documents were destroyed, and if so, when the previously-existing documents were destroyed; and

8. Comply with the provisions of this Order by Tuesday, January 9, 2018.

---

[2] *See* Ex. C to Defendant's Letter-Motion to Compel (ECF No. 94).

3

Plaintiff's counsel is reminded that, in making its productions, "[i]rrespective of the degree to which the client assumes responsibility for document discovery, outside counsel must be able to defend the client's position as the court will hold outside counsel responsible for noncompliance with discovery requests and orders." See 3 Robert L. Haig, *Business and Commercial Litigation in Federal Courts* § 24:16 (3d. ed. 2011).

The Clerk's Office is directed to terminate the pending motion at ECF No. 94.

**SO ORDERED.**

DATED:   New York, New York
         December 18, 2017

_____
STEWART D. AARON
United States Magistrate Judge